ROBERT SMITH CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. SCHMIDT & SONS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK W. SCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD A. SCHMIDT, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD A. SCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FREDERICK W. SCHMIDT, II, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNA M. WISSNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD C. SCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31639, 43988, 43989, 43990, 43991, 43992, 43993, 43994. Promulgated January 28, 1931.

*Lloyd Anderson, Esq.,*for the petitioners.
*H. B. Hunt, Esq.,* for the respondent.

OPINION.

LOVE: The only issue remaining in these proceedings is whether the respondent's action in disallowing the amount of $43,415.31 as a deduction for bad debts, was proper. The applicable statute is section 234 (a) (5) of the Revenue Act of 1926, which reads as follows:

SEC. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*  \* \* \* \* \* \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part; \* \* \*

The officers of the Robert Smith Corporation, on November 30, 1925, after carefully considering everything in connection with the notes, ascertained them to be worthless and charged them off the books of the corporation. The only question for us to decide is whether such action on the part of the company's officers was justified and in accord with what the ordinary prudent person would have done under the same facts and circumstances.

In the first place, the officers of the Robert Smith Corporation, being also officers of the debtor company, were in an unusually advantageous position to know the facts as to the debtor's ability to pay. The financial statements show that the Philadelphia Malt Extract Co. was holelessly insolvent. It had not been on a profitable basis from its inception. It was owing the Robert Smith Corporation $56,000 for past-due rent. The market value of its principal assets had greatly depreciated. Its obligations were increasing year by year. A judgment for $60,000 by an outside party had just been rendered against it. Demands were made by the Robert Smith Corporation for payment of the notes, but the conditions of the debtor were such that no payments could presently be made or in

all probability could ever be made. Under such circumstances, we think the officers of the Robert Smith Corporation were justified in ascertaining the notes in question to be worthless and in charging them off the books of account.

The respondent, in his brief, states his position as follows: "The Commissioner's position in this case is that in view of the peculiar circumstances involving family interests, the transaction involved in this proceeding was in the nature of a capital transaction and the forgiveness and/or cancellation of an indebtedness."

Finally, the respondent contends that the record does not disclose when the notes in question were due and payable, and that in the absence of such an important fact, the case must be decided in favor of the respondent on the authority of the Board's decision in *City National Bank*, 11 B. T. A. 857. In other words, the respondent would construe our decision in the case just cited as holding that in no case could a deduction be taken for a bad debt until the year the debt matured. We did not so hold and do not so hold. The fact that a debt has not matured is only a circumstance to be taken into consideration in ascertaining whether or not it is worthless. Such was our holding in *Robert P. White et al.*, 4 B. T. A. 995, wherein we allowed a bad debt deduction in 1920 on account of a note which did not become due until 1921, the facts showing that the note was actually worthless in 1920, ascertained to be such and charged off in that year.

The evidence in the instant case convinces us that the officers of the Robert Smith Corporation were thoroughly justified in their ascertainment of worthlessness and subsequent charge-off, during the taxable year 1925, of the three notes in question, and that the respondent erred in refusing to allow the deduction of $43,415.31, as claimed.

*Judgment will be entered under Rule 50.*